IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY D. GANDALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-12-082-TCK-PJC |
| ) | |
| ) | Judge: Terence C. Kern |
| FLIGHTSAFETY ) | |
| INTERNATIONAL, INC. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT FLIGHTSAFETY INTERNATIONAL, INC.'S
MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT,
AND BRIEF IN SUPPORT**

COMES NOW the Defendant, FlightSafety International, Inc. ("FlightSafety"), and moves the Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Count II "Failure to Accommodate" of Plaintiff's Complaint, since an allegation of failure to accommodate does not constitute a separate claim under the Americans with Disabilities Act ("ADA".) In support of this Motion, FlightSafety states as follows:

### INTRODUCTION

Plaintiff, Terry D. Gandall ("Plaintiff"), has filed a Complaint against his former employer, FlightSafety, asserting claims for alleged wrongful termination in violation of the ADA (Count I) and alleged Failure to Accommodate (Count II). As FlightSafety will show in this Brief, however, there is no separate claim under the ADA for an alleged failure to accommodate. Accordingly, Count II of Plaintiff's Complaint should be dismissed.

### ARGUMENT AND AUTHORITIES

**PROPOSITION I:**     MOTION TO DISMISS STANDARD.

When considering a motion to dismiss under Rule 12(b)(6), a court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If the allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). While detailed factual allegations are not necessary, the assertion of "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. Thus, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis original). The complaint must "provide enough factual allegations for a court to infer potential victory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

A complaint must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Because a court is "not bound to accept as true a legal conclusion couched as a factual allegation," it must first identify and disregard averments that "are no more than conclusions [which] are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). A court then examines the remaining, well-pled factual allegations, assuming their veracity, and determines whether they plausibly give rise to an entitlement to relief. *Id.* "Determining whether

a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**PROPOSITION II:** **PLAINTIFF'S COUNT II "FAILURE TO ACCOMMODATE" FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Count I of Plaintiff's Complaint is titled "Termination in Violation of the American's with Disability Act." Plaintiff also asserts as a separate Count II a claim for "Failure to Accommodate." Plaintiff's termination claim set forth in Count I necessarily includes "inter alia, 'not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.'" *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2nd Cir. 2009) (quoting 42 U.S.C. § 12112(b)(5)(A)). Based on the allegations contained therein, Plaintiff's Count II is essentially a claim that FlightSafety failed to enter into the interactive accommodation process to assess whether a reasonable accommodation was available. "The employer did not take reasonable steps to accommodate the Plaintiff's disability." Complaint, ¶ 30. As recognized by the Tenth Circuit Court of Appeals, however, failure to enter into a sufficient interactive process cannot form the basis for a separate claim under the ADA. *Valdez v. Brent McGill*, 2012 U.S. App. LEXIS 2783, *13 (citing *Smith v. Midland Brake*, 180 F.3d 1154, 1174 (10th Cir. 1999) and quoting *McBride*, 583 F.3d at 101).

As set forth in *Valdez*, the interactive process "ensures a reasonable accommodation is identified, if one is available." *Id.* (citing *Smith*, 180 F.3d at 1172). *Valdez* goes on to recognize, however, that the "interactive process is only a means to an end" and that "an employer is not required to engage an employee in a futile interactive process where . . . no reasonable accommodation was possible." *Id.* (citing *McBride*, 583 F.3d at 100-01). This concept is more fully explained in *McBride*:

3

> McBride argues that her failure to identify an accommodation of any form that would have allowed her to continue employment at BIC should be excused in light of BIC's purported failure to engage in a sufficient interactive process intended to develop a mutually agreeable accommodation of her disability. Even assuming, without deciding, that BIC did fail to engage in such a process, this contention is meritless. Admittedly, "[t]he ADA envisions an 'interactive process' by which employers and employees work together to assess whether an employee's disability can be reasonably accommodated." . . . That being said, the ADA imposes liability for, inter alia, discriminatory refusal to undertake a feasible accommodation, not mere refusal to explore possible accommodations where, in the end, no accommodation was possible.

*McBride*, 583 F.3d at 99-100. The interactive process is not required in every case, and cannot form the basis for an independent cause of action. An alleged failure to accommodate/failure to participate in the interactive process is only properly considered as part of the underlying claim alleging a violation of the ADA. Here, that claim is the wrongful termination claim contained in Count I of Plaintiff's Complaint.

### CONCLUSION

Based upon the legal authorities cited above, FlightSafety requests the Court to dismiss Count II of Plaintiff's Complaint, since allegations of failure to properly engage in an interactive process do not constitute a separate, independent ADA claim. Accordingly, FlightSafety requests the Court to grant FlightSafety's Motion to Dismiss, and such other relief as the Court deems proper.

Respectfully submitted,

/s/Jo Anne Deaton, OBA #5938
JO ANNE DEATON, OBA #5938
DENELDA L. RICHARDSON, OBA #20103
RHODES, HIERONYMUS, JONES,
   TUCKER & GABLE, P.L.L.C.
P.O. Box 21100
Tulsa, Oklahoma 74121
Phone (918) 582-1173
Facsimile (918) 592-3390
jdeaton@rhodesokla.com
drichardson@rhodesokla.com
Attorneys for Defendant,
FlightSafety International, Inc.

## CERTIFICATE OF MAILING

I certify that on March 16, 2012, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant: David R. Blades

/s/Jo Anne Deaton, OBA #5938

JAD/sla